IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LYLE KAI, R. PH., | ) Civ. No. 05-00514 BMK |
| | ) |
| Plaintiff, | ) ORDER AFFIRMING FINAL |
| | ) DECISION OF THE SECRETARY |
| v. | ) |
| | ) |
| MICHAEL O. LEAVITT, Secretary | ) |
| of Health and Human Services, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

ORDER AFFIRMING FINAL DECISION OF THE SECRETARY

   This case is an appeal from a final decision of the Secretary of the Department of Health and Human Services, which excludes Plaintiff from participating in federal health care programs for a period of five years. A hearing on this matter was held on June 29, 2006. For the following reasons the Court AFFIRMS the final decision of the Secretary of the Department of Health and Human Services.

FACTUAL BACKGROUND

   Plaintiff Lyle Kai is a pharmacist who previously worked for Interstate Pharmacy Corporation ("IPC") in the State of Hawaii. During Plaintiff's employment, IPC was investigated for alleged unlawful repackaging and recycling

of pharmaceuticals, which allegedly resulted in IPC submitting fraudulent claims to and receiving related payments from the Hawaii Medicaid Program. Plaintiff was charged with Deceptive Business Practices for his alleged involvement in the scheme. Plaintiff maintains that the offense with which he was charged is not related to any such scheme.

On January 11, 2001, in the Circuit Court of the First Circuit for the State of Hawaii, Plaintiff entered a plea of "no contest" to Deceptive Business Practices in violation of Hawaii Revised Statutes ("HRS") § 708-870(1)(e). The following day, the Circuit Court granted Plaintiff's motion for deferred acceptance of the no contest plea, ordering that further proceedings in the case be deferred for one year. After meeting the conditions of his deferral and plea agreement, a stipulation for dismissal was entered on January 15, 2002. The stipulation dismissed the complaint against Plaintiff and discharged him pursuant to the order of deferred acceptance.

On approximately December 31, 2003, the Office of Counsel to the Inspector General of the Department of Health and Human Services ("IG") notified Plaintiff of a five-year exclusion from participation in Medicare, Medicaid, and all federal health care programs pursuant to the Social Security Act, 42 U.S.C. 1320a-7(a). The notification stated that Plaintiff's exclusion is due to his conviction (as

defined in the Social Security Act) in the Circuit Court of a criminal offense related to the delivery of an item or service under the Medicaid program.

Plaintiff appealed the exclusion to the Department of Appeals Board in the Civil Remedies Division of the Department of Health and Human Services, who assigned the matter to Administrative Law Judge ("ALJ") Anne E. Blair. On December 17, 2003, the ALJ issued a decision reversing Plaintiff's five-year exclusion from Medicare, Medicaid, and all other federal health care programs ("ALJ Decision"). Specifically, the ALJ reached the following findings of fact and conclusions of law:

> (1) On January 11, 2001, [Plaintiff] was convicted in the Circuit Court of the First Circuit, State of Hawaii on his plea of no contest to a charge of recklessly exposing for sale mislabeled commodities while in the course of engaging in a business, occupation, or profession thereby committing the offense of Deceptive Business Practices in violation of Section 708-870(1)(e) of the Hawaii Revised Statutes;
>
> (2) The plea and conviction described above in Finding 1 constitute a "conviction" within the meanings of sections 1128(a)(1) and 1128(i)(4) of the Act, and 42 C.F.R. § 1001.2;
>
> (3) The IG failed to present evidence sufficient to prove, by a preponderance of the evidence, that [Plaintiff's] conviction related to the delivery of an item or service under title XVIII or under any State health care program; and

(4) There is no basis for the IG to exclude [Plaintiff] from participating in Medicare, Medicaid, and all other federal health care programs pursuant to section 1128(a)(1) of the Act.

The IG appealed the ALJ's findings (3) and (4) to the Appellate Division of the Departmental Appeals Board for the Department of Health and Human Services ("AD").  On June 15, 2005, the AD reversed findings (3) and (4) holding that Plaintiff's conviction was related to the delivery of an item or service under the Medicaid program and that Plaintiff be excluded for a period of five years.

On August 10, 2005, Plaintiff filed a complaint before the Court, seeking review of the Secretary's final decision.  On April 3, 2006, Plaintiff filed his opening brief.  On May 17, 2006, the U.S. Government, on behalf of Defendant Michael O. Leavitt, the Secretary of the Department of Health and Human Services, filed an answering brief.  On June 13, 2006, Plaintiff filed a reply brief.

## STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive…" 42 U.S.C.A. § 405 (g) (West 2003).  "This court's review is limited to a determination of whether the Secretary's final decision is supported by substantial evidence-evidence such that a

reasonable mind may accept it as adequate to support a conclusion." Corkill v. Shalala, 109 F.3d 1348, 1351 (9th Cir. 1997) (citing Travers v. Shalala, 20 F.3d 993, 996 (9th Cir. 1994)). "Substantial evidence means 'more than a scintilla' and is such that a reasonable mind may accept it as adequate to support a conclusion." Travers, 20 F.3d at 996 (citing Hudson v. Bowen, 849 F.2d 433 (9th Cir. 1988)). "If the evidence as a whole can support a decision in favor of either party, the court must not substitute its own judgment for that of the secretary." Corkill, 109 F.3d at 1351.

## DISCUSSION

The Social Security Act (the "Act") requires the Secretary of the Department of Health and Human Services ("Secretary") to exclude certain individuals, including those who have been convicted of a criminal offense related to the delivery of an item or service under Medicare or Medicaid, from participation in federal health care programs. See Social Security Act Section 1128, codified at 42 U.S.C. § 1320a-7. Here, the Secretary's decision found that the Act requires Plaintiff to be excluded from such participation for a period of five years, the statutory minimum term.

Plaintiff argues that he was not "convicted," his no contest plea or "conviction" was not related to the delivery of state or federally funded health

services, and he should not be subject to a five-year exclusion. The Court will examine each of these issues separately.

I.      Plaintiff's "Conviction" for Purposes of the Act

Plaintiff maintains that because he entered a deferred no contest plea which was later dismissed, he has no criminal record and has never been convicted of any criminal offense. Thus, Plaintiff argues, there is no "conviction" on which to form the basis of an exclusion.

An individual is considered to have been "convicted" of a criminal offense for purposes of Section 1128 of the Act, codified at 42 U.S.C. § 1320a-7, and thus excluded from participation in federal health care programs including Medicare and Medicaid, when any one of the following statutory standards are met:

> (1) when a judgment of conviction has been entered against the individual or entity by a Federal, State, or local court, regardless of whether there is an appeal pending or whether the judgment of conviction or other record relating to criminal conduct has been expunged;
> (2) when there has been a finding of guilt against the individual or entity by a Federal, State, or local court;
> (3) when a plea of guilty or nolo contendere by the individual or entity has been accepted by a Federal, State, or local court; or
> (4) when the individual or entity has entered into participation in a first offender, <u>deferred adjudication, or other arrangement or program where judgment of conviction has been withheld</u>.

42 U.S.C. § 1320a-7(i) (emphasis added); see also 42 C.F.R. § 1001.2.  In this case, the AD found that Plaintiff met the fourth standard under this statute.

The Court finds substantial evidence in the record to support the AD's finding that Plaintiff was convicted pursuant to 42 U.S.C. § 1320a-7(i)(4). Plaintiff entered a plea of "no contest," the acceptance of which was deferred by the court for one year on the condition that Plaintiff comply with the terms of the plea agreement.  The plea agreement provided that if Plaintiff complied with its terms, the court would discharge Plaintiff and dismiss the charge against him.  If Plaintiff had failed to comply with the plea agreement, the court could have entered the no contest plea, found Plaintiff guilty, and sentenced him in the case.

In Travers v. Shalala, the Ninth Circuit found that these circumstances constitute substantial evidence in the record to support the finding of a "conviction" under 42 U.S.C. § 1320a-7(i)(4).  Travers v. Shalala, 20 F.3d 993, 996 (9th Cir. 1994) (finding that entry of deferred no contest plea pursuant to Utah statute governing deferred adjudications constituted a conviction under 42 U.S.C. § 1320a-7(i)(4)).  The Ninth Circuit noted that the defendant in that action, like Plaintiff here, was not at liberty to withdraw his plea and proceed to trial if he failed to comply with the plea agreement.  On the contrary, had he failed to comply, the court would have accepted his no contest plea and proceeded to set the

matter for imposition of sentence.  Id. at 997; see also Purcell v. Inspector General, Dept. Appeals Bd. No. CR572, 1999 WL 1207079 (1999) (ALJ decision finding that no contest plea and the deferred acceptance by Hawaii court constitutes conviction under the Act).

Moreover, the Ninth Circuit found that the deferred no contest plea was a "conviction" for purposes of the Social Security Act even though the Utah statute governing the deferred acceptance stated, similar to the Hawaii statute governing deferred acceptance, that it should not be considered a conviction and should be treated as if the charge had never been filed.  Travers, 20 F.3d at 996; see also Haw. Rev. Stat. Ann. § 853-1 (West, Westlaw Current through 2005 Legislation).  What constitutes a conviction under the Social Security Act is determined by federal law under 42 U.S.C. § 1320a-7(i), not state law.  Travers, 20 F.3d at 996.

The legislative history of 42 U.S.C. § 1320a-7(i) confirms that the deferred acceptance of a no contest plea entered by Plaintiff is exactly the type of situation that Congress sought to include in its definition of "conviction" under the Act.  The House Committee Report states:

> The Committee is informed that State first offender or deferred adjudication programs typically consist of a procedure whereby an individual pleads guilty or nolo contendere to criminal charges, but the court withholds the actual entry of a judgment of conviction

> against them and instead imposes certain conditions of probation, such as community service or a given number of months of good behavior. If the individual successfully complies with these terms, the case is dismissed entirely without a judgment of conviction ever being entered.
>
> These criminal dispositions may well represent rational criminal justice policy.  The Committee is concerned, however, that individuals who have entered guilty or nolo pleas to criminal charges of defrauding the Medicaid program are not subject to exclusion from either Medicare or Medicaid.  These individuals have admitted that they engaged in criminal abuse against a Federal health program and, <u>in the view of the Committee, they should be subject to exclusion</u>.  If the financial integrity of Medicare and Medicaid is to be protected, the programs must have the prerogative not to do business with those who have pleaded to charges of criminal abuse against them.

H.R. Rep. No. 99-727, 99th Cong., 2d Sess. 75, reprinted in 1986 U.S.C.C.A.N. 3607, 3665 (emphasis added).

Additionally, the AD correctly disallowed Plaintiff to relitigate the facts underlying the conviction.  When an exclusion is based on the existence of a criminal conviction, the basis for the underlying conviction is not reviewable and the individual may not collaterally attack it either on substantive or procedural grounds.  42 C.F.R. § 1001.2007(d).  Plaintiff does not dispute that he knowingly and willingly entered into the no contest plea and by entering that plea, Plaintiff gave up his right to a trial on the criminal charges.  The Court can see no basis for permitting Plaintiff to attack his plea now.

Finally, these exact issues have been addressed in <u>Caplan v. Thompson</u>, Civ No. 04-00251 ACK-LEK (D. Haw. 2004). In <u>Caplan</u>, the plaintiff, also a pharmacist employed at IPC and charged with the offense of deceptive business practices for his participation in IPC's scheme as Plaintiff in this case, pled no contest to his offense and asserted that he was unaware of the scheme. Judge Alan C. Kay, in his Order Affirming Final Decision of the Secretary, found that substantial evidence supported the ALJ's finding that the plaintiff's participation in the deferred adjudication program where judgment of conviction was withheld, constituted a conviction under Section 1128(i)(4) of the Act.

Accordingly, the Court finds that substantial evidence supports the AD's finding that Plaintiff's no contest plea constitutes a conviction under Section 1128(i)(4) of the Act. Because the Court is upholding the AD's finding, it need not reach the issue of whether the other sections of the Act are grounds to support such a finding. <u>See</u> 42 U.S.C. § 1320a-7(i) (providing that a conviction exists if the first, second, third, "or" fourth subsections are met).

II.   <u>Relationship between Plaintiff's "Conviction" and the Delivery of State or Federally Funded Health Services</u>

The Act requires that individuals be excluded for conviction "in a program-related crime," meaning that the criminal offense must be related to the delivery of an item or service under Medicare or any state health care program,

10

such as Medicaid. 42 U.S.C. § 1320a-7(a). The AD found that the offense of which Petitioner was convicted related to the delivery of an item or service under a state health care program.

Plaintiff argues that the no contest plea (or "conviction") was not directly related to the Hawaii Medicaid Program, and therefore does not warrant his exclusion under the Act. Specifically, Plaintiff claims that the Court should follow the reasoning in Catherine L. Dodd, R.N., DAB No. 1345 (1992) and uphold the ALJ Decision. Plaintiff states that like in Dodd, because the government failed to submit any evidence of a factual connection between his conviction and a "program-related crime," and the plea form fails to indicate any factual basis for the offense charged, the Social Security Act does not apply.

As opposed to Plaintiff's strict interpretation of what constitutes a "program-related crime," the exclusion statute requires that a conviction need only be related to delivery of an item or service, and the convicted individual need not have actually participated in the delivery. Anderson v. Thompson, 311 F. Supp. 2d 1121, 1127 n.17 (D. Kan. 2004) (citing Travers v. Sullivan, 794 F. Supp. 1471, 1481-82 (W.D. Wash. 1992)). Thus, despite Plaintiff's contention of lacking knowledge of IPS's scheme, Plaintiff's conviction only has to be related to the scheme for the exclusion statute to apply. Moreover, the Court agrees with the

AD's reasoning that it is the fact of Plaintiff's conviction relating to the scheme that is material, and not Plaintiff's particular role in that scheme.

After careful review of the record, substantial evidence in the record supports the AD's finding that Plaintiff's conviction is related to the delivery of an item or service under the Hawaii Medicaid Program.  For instance, as part of the record, the government submitted the declaration of Michael Parrish, the Hawaii Medicaid Fraud Control Unit attorney responsible for Plaintiff's prosecution.  In his declaration, Parrish indicated that Plaintiff pled no contest to the offense of the sale of mislabeled pharmaceuticals that were subsequently billed to the Hawaii Medicaid Program.  Parrish added that Plaintiff's tacit involvement in this scheme resulted in IPC submitting fraudulent claims to the Hawaii Medical Program.  Indeed, Plaintiff never denied that the offense to which he pled no contest to involved mislabeling pharmaceuticals and that some of these mislabeled pharmaceuticals were billed by IPC to the Hawaii Medicaid Program.

Because all this information was presented to the AD for review, the Court finds that the AD had substantial evidence to find that Plaintiff's conviction was related to the delivery of an item or service under the Hawaii Medicaid Program, even if Plaintiff did not personally engage in the scheme or was not aware of the scheme.

III.　Five-Year Mandatory Exclusion

An exclusion imposed under 42 U.S.C. § 1320a-7(a) is for a minimum mandatory period of five years. 42 U.S.C. § 1320a-7(c)(3)(B); 42 C.F.R. § 1001.102(a); see also Travers, 20 F.3d at 998 (holding that once a conviction is found, exclusion is mandatory and the Secretary has no choice but to impose a minimum five-year exclusion). In a situation such as Plaintiff's, where an exclusion is authorized under 42 U.S.C. § 1320a-7 and is for the mandatory minimum period of five years, the reasonableness of the length of the exclusion cannot be appealed. See 42 C.F.R. § 1001.2007(a)(2).

Based on the foregoing, the Court finds no legal error in the AD on this issue and finds that the AD's decision was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons the Court AFFIRMS the final decision of the Secretary of the Department of Health and Human Services. The Court finds that substantial evidence supports the AD's findings that Plaintiff's participation in the deferred adjudication program constitutes a conviction for purposes of the Social Security Act, the conviction is related to the delivery of an item or service under the Hawaii Medicaid program, and the five year exclusion is mandatory.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: July 17, 2006